# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :

        v.               :        CRIMINAL NO. 22-435

TODD GOODMAN
ERIC PESTRACK                    :

### GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)

The United States of America, by its attorneys, Jacqueline C Romaro, United States Attorney, and M. Beth Leahy, Assistant United States Attorney, and Special Assistant United States Attorney, Linda Montag, hereby respectfully requests that the Court enter a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), providing that the defense may use investigative materials produced in discovery only for preparation for trial and at trial and any sentencing hearings, and may not disclose the information to third parties except as required to prepare for trial, for investigation or for use at trial and any sentencing hearings.

1.      On December 1, 2022, a federal grand jury in the Eastern District of Pennsylvania indicted defendants Todd Goodman and Eric Pestrack charging them with one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and nine counts of distributing Schedule II controlled substances, in violation of 21 U.S.C. § 841, and 18 U.S.C. § 2.

2.      Due to the nature of the charges, the discovery materials in this case are replete with sensitive medical information, some, or all of which may be false, and years of prescription drug data for various patients.

3.      Much of the discovery material also contains personal identifying information, such as Social Security numbers, dates of birth, addresses, and health insurance account numbers. The personal identifiers in the discovery materials are the kind of information which is sensitive and subject to abuse and identify theft.

4.      The large volume of discovery materials containing sensitive information makes complete redaction of the information impractical. Sensitive personal identifiers appear throughout these materials, and it would be extremely time consuming to redact. Redaction would likely significantly delay production of discovery to the defendants.

5.      In order to protect the privacy interests of people who are identified in the discovery materials but who have not been named in any indictment, cooperating witnesses, and to protect the integrity of ongoing cases, and to prevent the potential misuse of others' personal and identifying information, the parties respectfully request that the Court enter a protective order limiting the use of the discovery materials provided to the defense to the preparation for trial and use at trial and any sentencing hearings, and further prohibiting the defense from disclosing the discovery materials to third parties, except as required to prepare for trial, for investigation or for use at trial and any sentencing hearings.

6.      Rule 16 of the Federal Rules of Criminal Procedure provides in pertinent part that: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16 (d) (1).

7.      The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery:

> [T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.

*Alderman v. United States*, 394 U.S. 165, 185 (1969). *Cf. United States v. McDade*, 1994 WL

161243, at *3-5 (E.D. Pa. Apr. 15, 1994) (limiting use of criminal deposition "solely for the

preparation and conduct of the proceeding" and prohibiting any further disclosure); *United States*

*v. Smith*, 602 F. Supp. 388, 397-98 (M.D. Pa. 1985) (rejecting press request to unseal bill of

particulars containing the names of unindicted coconspirators; "no First Amendment right of

access to inspect and copy judicial records and documents that contain information which was

produced in pre-trial discovery proceedings").

8.      The materials at issue here are discovery materials, including medical

information, interview reports, patient prescription drug records, and other related materials,

which are furnished to defense counsel solely to aid their preparation for trial and sentencing.

Some of this information will be subject to public disclosure when it is introduced at trial, in

pleadings, or at sentencing. The government has an obligation to present all admissible evidence

to prove its case; the defense has an obligation to use all admissible material in zealously

contesting the charges; and the public has an unquestioned right of access to trial proceedings.

That constellation of interests will erase any remaining privacy right in the admissible evidence.

But that is not the state of the matter now. At this point, the discovery materials at issue consist

not of trial evidence, but of investigatory materials for which no right of access exists or should

be created.

9.      Protective measures are also appropriate for the many discovery materials that

contain personal identifying information. Pursuant to Rule 16(d)(1), courts routinely tailor

protective orders to address the specific concerns about discovery materials that exist in

particular cases. Thus, for example, a court in the Southern District of New York granted a

protective order that (a) required defense counsel to return or destroy all copies of Jencks

material at the conclusion of the case, (b) prohibited defense counsel from disseminating material to anyone other than the defendants and the defense team, and (c) prohibited defendants from possessing in any jail facility any of the materials disclosing or referring to the identity and expected testimony of any witness other than a government agent, except when reviewing such materials in the presence of defense counsel. *United States v. Garcia*, 406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005) (observing that defendants "have no right to extended independent review of [Jencks Act] materials in the privacy of their cells"); see *United States v. Rivera*, 153 F. App'x 758 (2d Cir. 2005). Likewise, protective orders over discovery materials containing sensitive medical and personal identifying information are routinely permitted in this district.

10.     The above demonstrates that the Court is empowered to tailor a protective order to address the specific concerns about discovery that exist in a particular case, and here that is to protect individuals, whose medical information and personal identifying information appear throughout the discovery materials, from the harm potentially resulting from the dissemination of this type of information.

11.     Counsel for the defendants have authorized the government to state that the defendants have no objection to this motion.

Wherefore, based on the foregoing, the government respectfully requests that the Court

enter a protective order pursuant to Rule 16(d)(1) in the form of the proposed order attached to this motion.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


 /s/ M. Beth Leahy
M. BETH LEAHY
Assistant United States Attorney


 /s/ Linda Montag
LINDA MONTAG
Special Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.    22-435 |
| TODD GOODMAN | | |
| ERIC PESTRACK | : | |

ORDER

AND NOW, this ___ day of _____, 2022, upon consideration of the government's unopposed motion for a protective order, it is ORDERED that the motion is GRANTED. The Court finds that good cause exists to enter the protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. The Court has considered the "specific examples" of harm and "articulated reasoning" as set forth by the government in its motion. *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007). The Court has also considered the public interest in the discovery materials and concludes that, at this stage, no First Amendment or common law right of access has attached to the records. *See id.* at 208-11; *North Jersey Media Group v. United States*, 836 F.3d 421, 434-36 (3d Cir. 2016). On balance, the public's interest in the discovery materials is outweighed by the "clearly defined" and potentially "serious injur[ies]" that would result from disclosure. *See* Fed. R. Crim. P. 16 (d) (1); *Wecht*, 484 F.3d at 212.

IT IS FURTHER ORDERED pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure that defense counsel may make such use of the discovery materials only as is necessary to prepare for trial, for investigation and for use at trial and any sentencing hearings, including the disclosure of the material to the defendants. Defense counsel, the defendants, or

any other person to whom disclosure is made pursuant to this paragraph may not use the

discovery materials for any purpose other than preparation for trial or for use at trial and any

sentencing hearings and may not disclose the discovery materials or information contained in the

discovery materials to any third party, except as required to prepare for trial, for investigation or

for use at trial and any sentencing hearings. Defense counsel shall maintain a log of every person

to whom disclosure of the discovery materials is made, and shall obtain from every such person

at the time of disclosure the following written statement:

> "I acknowledge that discovery materials have been disclosed to me for the purpose of assisting defendants Todd Goodman and/or Eric Pestrack in preparing for trial and using such materials at trial and/or any sentencing hearings. I have read the Order of the Court dated _____, 2022, permitting such disclosure to me, and agree as directed in that Order that I will use the discovery materials only for preparation for trial and/or for use at trial, for investigation and any sentencing hearings, and will not otherwise disclose the discovery materials or information contained in the discovery materials to any third party. I acknowledge that a violation of the Court's Order may result in penalties for contempt of court."

BY THE COURT:


_____

HONORABLE HARVEY BARTLE III
*Judge, United States District Court*

- 2 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true and correct copy of the Government's

Unopposed Motion for a Protective Order Pursuant to Federal Rule of Criminal Procedure

16(d)(1) on the following defense counsel by electronic filing:

Rocco Cipparone, Esq.
Thomas Malone, Esquire

*/s/ M. Beth Leahy*
M. BETH LEAHY
Assistant United States Attorney

*/s/ Linda Montag*
LINDA MONTAG
Special Assistant United States Attorney

Date: December 20, 2022.